**Victor D. ULMER, Petitioner, Appellant,**

v.

**CITY OF DULUTH, Respondent.**

**No. C9–88–158.**

Court of Appeals of Minnesota.

Sept. 13, 1988.

Review Denied Oct. 26, 1988.

Joseph J. Roby, Jr., Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, for petitioner, appellant.

Raymond L. Erickson, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for respondent.

Heard, considered, and decided by NORTON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appeal arises from the trial court's denial of appellant's petition for a writ of mandamus reinstating him as assistant city attorney for the City of Duluth.

## FACTS

Shortly after having been formally and honorably discharged from the United States Army, appellant, Victor D. Ulmer, was appointed to the position of assistant city attorney by the city attorney of respondent, City of Duluth, under authority of Section 26 of the Charter of the City of Duluth. During his 17 years employment with respondent, appellant was an employee-at-will without the protection of an employment contract, seniority rights, bargaining unit or civil service laws or regulations.

In October of 1985 appellant was laid off from his position as assistant city attorney as a result of respondent's actions to address a budget shortfall.

Appellant requested a hearing as a veteran under the Veteran's Preference Act

(Act), Minn.Stat. § 197.46 (1986), alleging he was "removed" in violation of the Act.

Appellant instituted an action for mandamus to obtain an order directing reinstatement as assistant city attorney and recoupment of all benefits and back pay lost as a result of the removal. Respondent opposed the issuance of the writ of mandamus on the grounds appellant held a strictly confidential relationship with the city attorney excluding him from the Act's protection.

Appeal follows the trial court's denial of appellant's petition for a writ of mandamus.

### ISSUES

As an appointee, is appellant in a "strictly confidential" relationship with the city attorney, thereby exempting him from protection provided by the Veteran's Preference Act?

### ANALYSIS

This matter was tried to the court. As in all actions tried upon facts without a jury, Rule 52.01 of the Minnesota Rules of Civil Procedure apply. Rule 52.01 provides:

> Finding of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

The trial court stated:

> The evidence before the Court, which is inclusive of the demeanor of the witnesses, establishes that [appellant] held a strictly confidential relation with City Attorney Dinan, who was the [appellant's] appointive officer.

By finding appellant held a strictly confidential relationship with his appointive officer, protection under the Act is precluded. The Act provides in relevant part:

> Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions in the state, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.
>
> * * * Nothing in section 197.455 or this section shall be construed to apply to the position of private secretary, teacher, superintendent of schools, or one chief deputy of any elected official or head of a department, *or to any person holding a strictly confidential relation to the appointing officer.* The burden of establishing such relationship shall be upon the appointing officer in all proceedings and actions relating thereto.

(emphasis added). Minn.Stat. § 197.46 (1986).

Appellant asserts this matter is controlled by *State ex rel. Sawyer v. Mangni,* 231 Minn. 457, 43 N.W.2d 775 (1950).

In *Sawyer* the Minnesota Supreme Court held the position of first assistant city attorney of Minneapolis is in the classified service under civil service provisions of the city charter and the Veterans' Preference Law applies to such position. The court stated:

> [W]hen the position of first assistant city attorney is vacant, the city attorney must requisition an eligible from the eligible list of the civil service commission. He has no further choice if the eligible proves satisfactory during the probationary period provided for. The city charter *and the civil service provision* thereof give the city attorney no voice in the selection of first assistant.

*Id.* at 780. (emphasis added).

The present matter is distinguished from *Sawyer.* Here, petitioner is an appointee whose position is retained at the pleasure of his appointive officer under authority of the city charter. There are no civil service provisions in place which would bring this matter within the holding of the *Sawyer* court.

In *Cassill v. Peterson*, 194 Minn. 60, 259 N.W. 696 (1935), the Minnesota Supreme Court held the Veteran's Preference Act did not apply to an assistant of the attorney general. The court recognized the unique relationship between attorneys and assistants to attorneys which requires strict confidence in serving a common client. The *Cassill* court stated, "It is difficult indeed to conceive of a situation where everything that happens in a law office between attorney and client is not in confidence. That is the very basis for successful practice of the law and so considered by every lawyer." *Id.* at 698.

In this matter the trial court correctly states that the sole basis for appellant's appointment as assistant city attorney was to act in the city attorney's stead as his *alter ego* and that appellant has "no separate legal existence to perform the legal needs of respondent except that the city attorney should delegate such authority to the [appellant]." Clearly this underscores the confidential nature of the city attorney's relationship with his assistants. Further, without strict confidence, the integrity of any law office, public or private, is undermined.

Moreover, appellant is bound by his oath to uphold the Rules of Professional Responsibility charging him with strict confidence in matters dealing with his clients. Without a strictly confidential relationship between attorneys working in the same office, there is no free exchange of ideas concerning a client's case. When a client confides in an attorney, the client is confiding in the attorney's office or firm.

The Legislature has stated clearly that "any person holding a strictly confidential relation to the appointing officer" is exempt from the protections of the Veteran's Preference Act. If this exemption does *not* apply to an assistant hired by and serving at the will of the city attorney to act in the city attorney's stead as his alter ego, it is difficult to imagine what relationship would qualify for the exemption.

## DECISION

Appellant, as assistant city attorney appointed by the city attorney was in a strict-

ly confidential relationship with his appointing officer. Consequently, he is exempt from the protection provided by the Veteran's Preference Act.

AFFIRMED.